AO 91 (Rev. 11/11) Criminal Complaint

| | | | |
|---|---|---|---|
| AUSA: | Ranya Elzein | Telephone: | (313) 226-0213 |
| Special Agent: | Derrick Bird, ATF | Telephone: | (313) 549-6355 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
Darnell LEE, JR.

Case: 2:21−mj−30012
Assigned To : Unassigned
Assign. Date : 1/11/2021
CMP: SEALED MATTER (MAW)

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 6, 2021__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm or Ammunition |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Derrick Bird, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: January 11, 2021

_____
Judge's signature

City and state: Detroit, MI

Hon. Elizabeth A. Stafford, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT
# IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT
# AND ARREST WARRANT

I, Derrick Bird, a Special Agent with the Bureau of Alcohol, Firearms, Tobacco, and Explosives, being duly sworn, state as follows:

1.  I am a Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516. I have been employed as a Special Agent with the ATF since March 2016. I am currently assigned to Group VII in the Detroit Field Division. I have conducted or participated in numerous criminal investigations including firearms offenses, illegal drug distribution, and organized crime/criminal street gangs. Prior to being employed as a Special Agent, I was a Correction Officer with the Washtenaw County Sheriff's Office for over four years.

2.  I am a graduate of the Criminal Investigator Training Program and the ATF Special Agent Basic Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. I graduated from Auburn University and earned a Bachelor's Degree in Sociology as well as a Masters of Arts Degree in Higher Education Administration. As an ATF Special Agent, I have participated in federal

1

investigations involving the illegal acquisition, distribution, and possession of firearms.  During these investigations, I have participated in physical surveillance operations and have participated in the execution of federal arrest and search warrants.  In addition to utilizing the aforementioned investigative techniques, I have been required during these investigations to analyze information resulting from traditional record searches, as well as reviewing previous case files.  Through my training and experience, I have become familiar with the manner in which firearms are transported and distributed, the methods of payment for firearms, and the manner in which firearm traffickers communicate with each other.

3. I am involved in the firearms trafficking investigation of Kalon SHADE and Darnell LEE JR.  This affidavit is made in support of an application for a criminal complaint for Kalon SHADE and Darnell LEE JR charging them with possessing firearms, having been previously convicted of crimes punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g)(1).

4. I make this affidavit in part based on my personal knowledge derived from my participation in this investigation, and in part based on information gathered from undercover firearm purchases, surveillance, and analysis of cell phone toll records.  Because this affidavit is being submitted for the limited purpose of establishing probable cause for a criminal complaint, I have not included each and every fact known to me concerning this investigation.  Rather, I

have set forth facts that I believe are necessary to establish probable cause of violations of a federal criminal offense, specifically 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm or Ammunition).

5. On January 6, 2021, ATF Special Agent ("SA") Daniel Bowling (hereinafter "UCA"), acting in an undercover capacity, conducted a controlled firearms purchase from Kalon SHADE. The UCA purchased one Ruger P90 .45 ACP bearing serial number 661-25194 with two magazines and four rounds of .45 caliber ammunition, and one Springfield Armory .40 S&W bearing serial number BY466529, with two magazines and two rounds of ammunition. The purchase was conducted in front of a residence on Sturtevant Street in Detroit, Michigan.

6. Prior to the meeting, the UCA engaged in text message and telephone communication with SHADE for the purpose of arranging the undercover purchase of the firearms.

7. On January 6, 2021, the UCA arrived at the residence on Sturtevant Street and observed SHADE standing in the driveway. Shade was talking to a male later identified as Darnell LEE JR. The UCA observed LEE JR hand a dark object to SHADE. SHADE then walked to the undercover vehicle ("UCV") and got into the passenger seat. SHADE then immediately gave the UCA a Ruger P90 .45 ACP, one standard magazine, and one extended magazine. SHADE identified the firearm as a "four five," or .45 caliber with an "extend," or extended magazine.

3

SHADE stated that the firearm was "eight fifty," or $850. The UCA handed SHADE $860 in pre-recorded funds for the firearm.

8. SHADE stated that the second firearm for sale was an "XD forty." SHADE also informed the UCA that he was going to "give him this cash," indicating that he was going to give LEE JR the money for the handgun that the UCA just purchased from SHADE. Additionally, SHADE stated that LEE JR was about to "buy a nine," or a nine millimeter firearm, from another individual. After this conversation, SHADE exited the UCV and approached LEE JR in the yard in front of the target location.

9. SHADE then walked back to the UCV and asked the UCA if he wanted to meet the individual with the second firearm for sale and confirmed that the individual was close by. SHADE also stated, however, that he had to take LEE JR to purchase the nine millimeter firearm.

10. The UCA and SHADE therefore agreed to meet back at the same residence on Sturtevant Street after SHADE took LEE JR to purchase the firearm. SHADE then exited the UCV, got into the passenger seat of LEE JR's car, and LEE JR drove away.

11. Later that night, the UCA drove back to the same residence on Sturtevant Street and observed SHADE standing next to a Chrysler 300 and a Jeep SUV. The UCA observed the driver of the Chrysler 300 hand SHADE a black handgun. SHADE

4

then walked to the UCV and got into the front passenger seat. SHADE gave the UCA a black Springfield Armory .40 caliber with two standard magazines and two rounds of ammunition. The UCA handed SHADE $900 in pre-recorded funds for the firearm. The parties discussed future transactions, and SHADE exited the UCV.

12. On April 18, 2014, SHADE was convicted of a Felony - Weapons Felony Firearm in the Third Judicial Court of Michigan in Wayne County, Detroit, in Court Case No. 14-001364-01-FH. The court sentenced SHADE to two years of incarceration.

13. On February 3, 2017, LEE JR was convicted of Felon in Possession of a Firearm or Ammunition, in the United States District Court for the Eastern District of Michigan, in Case No. 16-cr-20251. During the sentencing hearing at which LEE JR was present, the court sentenced him to 33 months of incarceration.

14. On January 8, 2020, I made contact with ATF Interstate Nexus Expert and Special Agent Mark Davis regarding the status of the firearms purchased during the controlled purchases described above. Based on a description of the firearms, Special Agent Davis advised that they were manufactured outside of the state of Michigan after 1898, and therefore had traveled in and affected interstate commerce.

15. Based on the foregoing facts and circumstances, I respectfully submit

5

that there is probable cause to believe that on January 6, 2021, within the Eastern District of Michigan, **Kalon SHADE and Darnell LEE JR** violated 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm or Ammunition).

                                            Respectfully submitted,

                                            Derrick Bird
                                            Special Agent
                                            ATF

Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____
HONORABLE ELIZABETH A. STAFFORD
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF MICHIGAN

Dated: January 11, 2021